IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RILEY R. BLACKSHIRE, JR., § | |
| Plaintiff, § | |
| § | Civil Action No. 3:11-CV-00677-K (BF) |
| v. § | |
| § | |
| TRADESTAR INC., § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for recommendation is the August 23, 2011 Motion to Dismiss (doc. 15) of Defendant Tradestar Inc. ("Defendant"). Plaintiff did not file a response, and the time to do so has expired. Defendant seeks dismissal due to Plaintiff's complaint failing to state a valid cause of action. Based on the foregoing reasons, the Court recommends that the Motion to Dismiss should be GRANTED and Plaintiff's Complaint should be dismissed with prejudice.

### Plaintiff's Allegations

On April 1, 2011, Plaintiff filed a Complaint against Defendant alleging wrongful termination. (Doc. 2.) A United States Magistrate Judge's Questionnaire was sent to Plaintiff, and Plaintiff filed his Response on May 25, 2011. (Doc. 7.) Plaintiff claims that Defendant wrongfully terminated him, in that he was terminated because of his background. (Compl. at 1-2.) In the questionnaire, Plaintiff stated that he was hired by Defendant in 2005. (Questionnaire Resp. at 5.) Defendant is a temporary staffing agency that places people into particular job assignments, as needed. *See (id.)* Plaintiff admits that he has a felony conviction, but explained that the hiring officer was aware of his background when he hired him. (*Id.*) In September of 2009, Plaintiff's job assignment had ended and he was told that he must come to the offices of Defendant to update his

paperwork before he could obtain a new job assignment. (*Id.*) After Plaintiff filled out his paperwork, he was told by the new area supervisor that he could not be placed into any future job assignments because of his felony background. (*Id.*)

## **Standard of Review**

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id.* at n3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498-99 (5th Cir. 2000).

## Analysis

Under Texas law, the employment-at-will doctrine governs, unless there is an employment contract to the contrary. *County of Dallas v. Wiland,* 216 S.W.3d 344, 347 (Tex. 2007) (quoting *Montgomery County Hosp. Dist. v. Brown,* 965 S.W.2d 501, 502 (Tex. 1998). Thus, an employer may terminate an employee for good or bad cause, or for no cause at all. *Id.* There are, of course, some judicial and statutory exceptions to the employment-at-will doctrine. *Johnson v. Waxahachie Independent School Dist.,* 322 S.W.3d 396, 398 (Tex. App. 14th 2010) (citing *Winters v. Houston Chronicle Publ'g Co.,* 795 S.W.2d 723, 723 (Tex. 1990). For instance, Texas courts allow an employee to sue his employer if he was terminated only because of his failure to perform an illegal act, or if he was discharged so that his employer could avoid paying benefits in his pension fund. *Id.* (citations omitted).

Moreover, there are numerous statutes that protect certain classes of employees from different types of retaliation by their employers. *See Austin v. HealthTrust, Inc. - The Hosp. Co.,* 967 S.W.2d 400, 401-03 (Tex. 1998) (describing various statutes enacted by the Legislature as exceptions to the employment-at-will doctrine). For example, it is considered unlawful for an employer to terminate an employee because of their race, color, disability, religion, sex, national origin or age. *See id.* at 402 (citing TEX. LAB. CODE § 21.051). Additionally, it is unlawful for employers to discharge their employees because of union membership, jury duty service, active military duty or filing a workers' compensation claim in good faith. *See id.* at 402-03.

Here, Plaintiff does not allege that he had an employment contract with Defendant. Thus, Plaintiff's employment with Defendant was considered at-will and could be terminated without

cause. Plaintiff contends that he was wrongfully terminated because he was discharged due to his background. However, this is not a protected class of employees recognized by the legislature or the judiciary. *See Austin,* 967 S.W.2d at 402-03. It appears, from Plaintiff's Complaint and Questionnaire, that Plaintiff believed he was discriminated against because of his background and thus fired. Nevertheless, in order to state a cause of action for wrongful termination for alleged discrimination, a plaintiff must be a member of a protected class. *See Mission Consolidated Independent School District v. Garcia,* 314 S.W.3d 548, 555-57 (Tex. App. 2010). The Court finds that Plaintiff is not a member of a protected class, and therefore, has no cause of action for wrongful termination against Defendant.

## **Recommendation**

The District Court should GRANT Defendant's Motion to Dismiss (doc. 15) and dismiss Plaintiff's Complaint with prejudice because Plaintiff failed to state a valid cause of action against Defendant.

Signed, October 7, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# **INSTRUCTIONS FOR SERVICE AND**
# **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).